IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

JONATHAN S. ALMODOVA, ET AL.,  )   CIVIL NO 07-00378 DAE-LEK
                                 )
       Plaintiffs,      )
                                 )
   vs.               )
                                 )
CITY AND COUNTY OF HONOLULU,  )
                                 )
       Defendant.      )
_____ )

**FINDINGS AND RECOMMENDATION TO GRANT PLAINTIFFS'
MOTION FOR APPROVAL OF SETTLEMENT AND
ATTORNEY'S FEES FOR INDIVIDUAL PLAINTIFFS**

Plaintiffs Jonathan S. Almodova, et al. ("Plaintiffs") filed the instant Motion for Approval of Settlement and Attorney's Fees for Individual Plaintiffs ("Motion"), and a supplement thereto, on February 17, 2010.[1] Plaintiffs filed a declaration of Vladmir Devens on February 23, 2010, and sealed exhibits 2C and 3C on February 24, 2010. Defendant City & County of Honolulu ("Defendant") did not oppose the Motion. This matter came before this Court for hearing on March 11, 2010. Appearing

_____

[1] Plaintiffs initially filed their Motion for Approval of Settlement and Attorney's Fees for Individual Plaintiffs on January 4, 2010 ("Original Motion"), [dkt. no. 170,] and sealed exhibits thereto on January 11 and 27, 2010. [Dkt. nos. 175, 182.] This Court held a status conference on January 28, 2010 and, because Plaintiffs' counsel wanted to include additional settling Plaintiffs in the Original Motion, this Court allowed Plaintiffs to withdraw the Original Motion without prejudice. The Court gave Plaintiffs leave to re-file the motion with a one sheet filing. The instant Motion is a re-filing of the Original Motion.

on behalf of Plaintiffs were Will Aitchison, Esq., by phone, and Vladimir Devens, Esq.  Appearing on behalf of Defendant were Steven Nakashima, Esq., and Melanie Mito May Esq.  On March 20, 2010, at this Court's direction, Plaintiffs filed a second supplemental memorandum.  After careful consideration of the Motion, supporting documents, the arguments of counsel, and the relevant legal authority, this Court HEREBY FINDS AND RECOMMENDS that Plaintiffs' Motion be GRANTED for the reasons set forth below.

## BACKGROUND

Plaintiffs, who are employees of Defendant, filed this action under the Fair Labor Standards Act ("FLSA") on July 17, 2007.[2]  Plaintiffs allege that Defendant violated the FLSA by: improperly calculating their regular rate of pay, which is used to calculate overtime pay; failing to compensate them for pre-shift and post-shift periods of work and for working through unpaid meal periods; failing to comply with the FLSA's compensatory time off provisions; failing to compensate them in a timely manner for overtime work; and improperly classifying certain Plaintiffs as exempt from the FLSA.  The Complaint seeks payment of the unpaid overtime compensation due under the FLSA, liquidated damages, and reasonable attorneys' fees and costs.

---

[2] The complaint was filed as a collective action under the FLSA.  A total of 463 plaintiffs have opted in to this action.

On September 21, 2009, Defendant made individual offers of settlement to 422 Plaintiffs.  Different amounts were offered to the following groups: sergeants and lieutenants of the police department; other employees of the police department; and employees of the fire department below the rank of captain. Plaintiffs' counsel communicated the offers to each plaintiff individually and each plaintiff made an independent decision whether to accept or reject the offer.  Captains in the fire department received settlement offers shortly before the January 28, 2010 status conference.  Battalion chiefs in the fire department, and employees of other departments did not receive settlement offers.

A total of 280 of the Plaintiffs accepted his or her respective settlement offer by returning a signed settlement agreement.[3]  The instant Motion seeks judicial approval of the settlement as to the Plaintiffs who have accepted it.

In addition to the payments to each settling Plaintiff, Defendant has agreed to pay Plaintiffs' counsel an amount equal to twenty-five percent of the gross payments to the settling Plaintiffs for attorneys' fees and costs.  Plaintiffs, however, agreed to a contingency fee arrangement when they retained

---

[3] The settlement agreement is Exhibit 1 to Plaintiffs' Original Motion, [Dkt. no. 175-1,] and the list of Plaintiffs who signed a settlement agreement, including the amount offered each person, is Exhibit 2C in support of the Motion.  [Dkt. no. 191.]

counsel.  Their agreement provides for attorneys' fees of 33 1/3% of the gross recovery, plus state excise tax and costs.[4]  The gross recovery is defined as all economic benefit conferred on Plaintiffs, including payments for attorneys' fees and costs. Plaintiffs authorized Defendant to deduct the attorneys' fees from the settlement amount and to pay them directly to Plaintiffs' counsel.

Plaintiffs state that courts are split on the issue whether a settlement of a FLSA action must be approved by a court or the Department of Labor.  Even if court approval is required, there is little case law on the standard that courts must apply when reviewing a FLSA settlement.  The seminal case, Lynn's Food Stores, Inc. v. United States, 679 F.2d 1350, 1353-55 (11th Cir. 1982), states only that the settlement must be a fair and reasonable resolution to a genuine dispute over FLSA provisions. Subsequent cases have not provided much additional guidance, although some courts have applied the factors used to evaluate class action settlements.  Plaintiffs argue that the relevant class action factors, viewed in light of the strong presumption in favor of finding settlements fair, favor a finding that the settlement in the instant case is fair and reasonable. Plaintiffs note, however, that the settlement in the instant case

---

[4] The contingency fee agreement is attached to the Original Motion as Exhibit A.  [Dkt. no. 170-5.]

4

is unlike a class action settlement because Defendant made individual offers and each Plaintiff made his or her own decision about the offer.  Plaintiffs therefore argue that the settlement should be approved as a fair and reasonable resolution of a genuine dispute over FLSA provisions.

Plaintiffs assert that the Court need not assess the reasonableness of the attorneys' fees which Defendant has agreed to pay because that is separate from the amounts offered to Plaintiffs individually.  Defendant's payment, however, does not satisfy Plaintiffs' contractual obligation to counsel. Plaintiffs therefore seek judicial approval of the additional amounts that must be deducted from the individual payments to the settling Plaintiffs.

Plaintiffs argue that the common fund and lodestar methods of determining attorneys' fees do not apply in the instant case because Plaintiffs executed a contingency fee agreement and therefore Plaintiffs are not requesting a statutory award of fees.  Plaintiffs were informed of the total amount to be deduced from his or her settlement payment before deciding whether to accept or reject the settlement offer.

Based on the 280 Plaintiffs who signed settlement agreements, Defendant will pay a certain amount of attorneys' fees to Plaintiffs' counsel.  Plaintiffs' counsel assert that they are entitled to an additional amount of attorneys' fees and

costs to be deducted from the amounts to be paid to the settling plaintiffs.  This amount represents the remaining attorneys' fees, with tax, and costs.  Each plaintiff is liable for: attorneys' fees equal to 33 1/3% of his or her recovery, which includes the settlement amount plus the fees to be paid by Defendant; state excise tax on the attorneys' fees; and a proportional share of the litigation costs incurred.  The precise amounts are set forth in Exhibit 3C, Table 1 (Revised Calculation of Attorney's Fees and Costs), which is filed under seal.  Each Plaintiff will pay approximately twenty percent of his or her settlement to counsel for attorney's fees and costs.

Plaintiffs argue that, even if the lodestar method applies, the attorneys' fees and costs are reasonable.  If counsel charged by the hour, the total fees would have been $467,021.20.  According to the Motion, the settling Plaintiffs make up 60.5% of all Plaintiffs.  Counsel would therefore attribute 60.5% of the attorneys' fees to the settling Plaintiffs, or approximately $282,548.  This is significantly less than the amount that counsel is requesting under the contingency fee calculation.  [Suppl. to Pltfs.' Mem. in Supp. of Motion at 4.]

Plaintiffs assert that counsel's hourly rates are reasonable.  Plaintiffs cite Scott v. City of New York, 2009 WL 2610747 (S.D.N.Y. 2009), in which the court found that the rates

6

charged by Aitchison & Vick were reasonable, including $425 for partner Will Aitchison, up to $300 for associates, and up to $125 for support staff.  [Mem. in Supp. of Original Motion at 17.]

Plaintiffs also argue that the lodestar amount should be adjusted upward because counsel took the case on a contingency fee basis and because of the specialized expertise of Plaintiffs' counsel.  Plaintiffs note that extensive work is required in wage and hour cases because of the necessary plaintiff-by-plaintiff approach.  Thus, taking the case on a contingency basis involved a great deal of risk for Plaintiffs' counsel.  Plaintiffs therefore argue that the lodestar analysis would yield a higher award of attorneys' fees than provided by the contingency fee agreement.  Plaintiffs assert that this establishes that the attorneys' fees are reasonable.  Plaintiffs urge this Court to approve the settlement, including the agreed upon attorneys' fees and costs.

## DISCUSSION

The FLSA provides:

Any employer who violates the provisions of section 206 or section 207 of this title shall be liable to the employee or employees affected in the amount of their unpaid minimum wages, or their unpaid overtime compensation, as the case may be, and in an additional equal amount as liquidated damages. . . .  The court in [in an FLSA] action shall, in addition to any judgment awarded to the plaintiff or plaintiffs, allow a reasonable attorney's fee to be paid by the defendant, and costs of the action.

7

29 U.S.C. § 216(b).

I.   **Approval of Settlement**

According to Lynn's Food Stores, Inc. v. United States, 679 F.2d 1350, 1353-54 (11th Cir. 1982), there are only two ways to settle FLSA claims: the Secretary of Labor can supervise payment of the unpaid wages owed the employee; or the district court in which a private action is pending can enter a stipulated judgment.   Lynn's Food requires the district court to "scrutiniz[e] the settlement for fairness."   679 F.2d at 1354. The court must determine that the proposed settlement "is a fair and reasonable resolution [sic] of a bona fide dispute over FLSA provisions."   Id. at 1355.

The Ninth Circuit Court of Appeals has never addressed the approval of FLSA settlements, but all the district courts within the Ninth Circuit to address the issue appear to follow Lynn's Food.   See, e.g., Trinh v. JPMorgan Chase & Co., No. 07-CV-01666 W(WMC), 2009 WL 532556, at *1 (S.D. Cal. Mar. 3, 2009); Goudie v. Cable Commc'ns, Inc., CV. No. 08-507-AC, 2009 WL 88336, at *1 (D. Or. Jan. 12, 2009); Hand v. Dionex Corp., No. CV 06-1318-PHX-JAT, 2007 WL 3383601, at *1 (D. Ariz. Nov. 13, 2007); Yue Zhou v. Wang's Rest., No. C 05-0279 PVT, 2007 WL 2298046, at *1 (N.D. Cal. Aug. 8, 2007); Thornton v. Solutionone Cleaning Concepts, Inc., No. CIV F 06-1455 AWI SMS, 2007 WL 210586, at *3 (E.D. Cal. Jan. 26, 2007).   The Court, however, notes that there

has been some disagreement with Lynn's Food outside of the Ninth Circuit.  See, e.g., O'Connor v. United States, 308 F.3d 1233, 1242-44 (Fed. Cir. 2002); Martinez v. Bohls Bearing Equip. Co., 361 F. Supp. 2d 608, 627-30 (W.D. Tex. 2005).  This Court is persuaded by the case law from the district courts within the Ninth Circuit and will therefore conduct a Lynn's Food fairness review.

There are, however, no agreed upon factors to consider in evaluating a proposed FLSA settlement.  Some courts have applied the factors for approval of class action settlements by analogy.  See, e.g., Lomascolo v. Parsons Brinckerhoff, Inc., No. 1:08cv1310 (AJT/JFA), 2009 WL 3094955, at *11 (E.D. Va. Sept. 28, 2009) (citing Collins v. Sanderson Farms, Inc., 568 F.Supp.2d 714, 721-22 (E.D.La.2008) (citing Camp v. Progressive Corp., 2004 WL 2149079 at ----4-5 (E.D.La. Sept. 23, 2004) and Reed v. General Motors Corp., 703 F.2d 170, 172 (5th Cir.1983)); Stevens v. Safeway, Inc., 2008 U.S. Dist. LEXIS 17119 at ----13-14 (C.D.Cal. Feb. 25, 2008); Brash v. Heartland Automotive Serve., Inc., 2006 WL 2524212 at *2 fn. 1 (D.Minn. Aug. 15, 2006)).  In evaluating a proposed class action settlement for overall fairness, courts balance the following factors:

> the strength of the plaintiffs' case; the risk, expense, complexity, and likely duration of further litigation; the risk of maintaining class action status throughout the trial; the amount offered in settlement; the extent of discovery completed and the stage of the proceedings; the

9

experience and views of counsel; the presence of a
governmental participant; and the reaction of the
class members to the proposed settlement.

Hanlon v. Chrysler Corp., 150 F.3d 1011, 1026 (9th Cir. 1998)

(citations omitted).  While some of these factors do not apply

because of the inherent differences between class actions and

FLSA actions, the majority of the factors are relevant and will

be useful in evaluating the fairness of the settlement in this

case.

A.    **Strength of Plaintiffs' Case**

Plaintiffs assert that some of their claims, such as

the regular rate and uncompensated work claims, are well grounded

in the law, but they acknowledge that the factual elements of the

uncompensated work claims may be difficult to prove.  Further,

one of the larger uncompensated work claims is for the donning

and doffing of uniforms and equipment, and district courts within

the Ninth Circuit are split on whether these tasks are

compensable.  [Mem. in Supp. of Original Motion at 9 (citing

Bamonte v. City of Mesa, 2008 WL 1746168 (D. Ariz. Apr. 14, 2008)

(finding donning and doffing not compensable), on appeal, No. 08-

16206 (9th Cir. filed May 8, 2008); Lemmon v. City of San

Leandro, 538 F. Supp. 2d 1200 (N.D. Cal. 2007) (finding donning

and doffing compensable)).]  There is also a circuit split on the

legal theories raised in Plaintiffs' compensatory time off claim.

[Id. (citing Mortensen v. County of Sacramento, 368 F.3d 1082

(9th Cir. 2004); <u>Houston Police Officers' Union v. City of Houston</u>, 330 F.3d 298 (5th Cir. 2003); <u>Beck v. City of Cleveland</u>, 390 F.3d 912 (6th Cir. 2004); <u>Heitman v. City of Chicago</u>, 560 F.3d 642 (7th Cir. 2008)).] Defendants have raised various defenses, including the higher overtime threshold for police officers and fire fighters, credits for overtime payments Defendant has made, and the alleged exemption from the FLSA for sergeants, lieutenants, captains, battalion chiefs, and dispatch supervisors. Plaintiffs also note that there was a similar lawsuit against Defendant in 2006. It prompted Defendant to institute certain policies to control overtime work, and these policies could make it more difficult for Plaintiffs to prove their case.

In light of the strengths and potential weaknesses in Plaintiffs' case, the Court finds that the first factor weighs in favor of approving the settlement.

### B.  **Risks of Further Litigation**

Plaintiffs acknowledge that there is risk inherent in all litigation, and the risk for each of Plaintiffs' claim varies for the reasons discussed above. Plaintiffs also note that the FLSA has only been applied to local and municipal governments since 1985, and there is little case law regarding FLSA claims by police officers and firefighters, who work under unique circumstances. This Court finds that these risks support

11

settlement approval.

C.   **Stage of the Proceedings**

The instant case is still in the discovery stage.   The parties exchanged some records, and Plaintiffs provided Defendant with their database of information that counsel gathered during Plaintiffs' interviews.   The parties have also taken several Rule 30(b)(6) depositions in preparation for the anticipated dispositive motions on the issue whether sergeants, lieutenants, captains, battalion chiefs, and dispatch supervisors are exempt from the FLSA.   This Court has issued a protective order and a discovery order setting forth the steps in the discovery process.

The parties have conducted sufficient discovery to allow a realistic evaluation of the case, but there is significant discovery remaining, as well as motions practice and trial preparation.   The Court therefore finds that the stage of the proceedings and the extent of discovery completed favor approval of the settlement.

D.   **Expense, Complexity, and Duration of Further Litigation**

As previously noted, there is significant discovery remaining in this case, particularly because representative plaintiffs have not been selected yet.   Plaintiffs' counsel also anticipate extensive dispositive motions in this case.   If the case proceeds to trial, Plaintiffs will likely retain an expert witness to calculate damages.   Plaintiffs also believe that a

trial in this case would involve many witnesses and would therefore be lengthy and costly.  This Court therefore finds that the expense, complexity, and likely duration of further litigation favors settlement approval.

### E.   __Amount Offered in Settlement__

Plaintiffs argue that the settlement amounts are reasonable.  Plaintiffs' counsel believe that some Plaintiffs may be receiving more than the damages they could obtain at trial, but some Plaintiffs may be receiving less.  Plaintiffs' counsel explained this, and the other relevant factors, to Plaintiffs for their consideration before they decided whether to accept their respective settlement offers.  This Court agrees that Defendant has offered a reasonable amount in settlement and finds that this factor favors approval of the settlement.

### F.   __Experience and Views of Counsel__

Plaintiffs' counsel have extensive experience in FLSA litigation and they believe that the settlement should be approved.  Local counsel, Meheula & Devens, LLP, has extensive experience in complex litigation, including representing the State of Hawaii Organization of Police Officers.  Meheula & Devens has also litigated at least four class action suits in Hawai'i.  Aitchison & Vick, an Oregon law firm, has extensive experience litigating complex labor actions across the country. Will Aitchison, Esq., wrote the book __The Fair Labor Standards__

<u>Act, A User's Manual</u> (4th ed. 2004), and has represented thousands of employees in wage and hour actions.  This Court therefore finds that the experience and views of Plaintiffs' counsel weigh in favor of settlement approval.

G.   **Plaintiffs' Reaction to the Settlement**

All of the Plaintiffs at issue in this Motion made individual decisions to accept his or her respective settlement offer.  This Court agrees with Plaintiffs that this weighs strongly in favor of settlement approval.

This Court finds that all of the relevant factors weigh in favor of approving the settlement in this case.  This Court therefore FINDS that the settlement is reasonable and RECOMMENDS that the district judge approve the settlement.

II.  **Attorneys' Fees and Costs**

Plaintiffs assert that the Court need not consider the reasonableness of the attorneys' fees that Defendant has agreed to pay because that amount is separate from the settlements offered to Plaintiffs.  [Mem. in Supp. of Original Motion at 15 (citing <u>Dail v. George A. Arab, Inc.</u>, 391 F. Supp. 2d 1142, 1146 (M.D. Fla. 2005)).]  Plaintiffs assert that this Court need only review the reasonableness of the attorneys' fees and costs to be deducted from the settlement payments to the settling Plaintiffs. Plaintiffs argue that the common fund doctrine and lodestar analysis do not apply to the portion of attorneys' fees to be

taken from the Plaintiffs' settlements because those are used to calculate statutory fees and the fees in the instant case are a matter of contract.  This Court disagrees.  Having reviewed the relevant case law, the Court concludes that both the attorneys' fees that Defendant will pay and the portion to be deducted from Plaintiffs' settlements must be evaluated for reasonableness.

"The FLSA . . . requires that a settlement agreement include an award of reasonable fees."  Lee v. The Timberland Co., No. C 07-2367 JF, 2008 WL 2492295, at *2 (N.D. Cal. June 19, 2008) (citing 29 U.S.C. § 216(b) ("The court in such action shall, in addition to any judgment awarded to the plaintiff or plaintiffs, allow a reasonable attorney's fee to be paid by the defendant, and the costs of the action")); see also Silva v. Miller, No. 08-12011, 2009 WL 73164 (11th Cir. Jan. 13, 2009).

In Silva, the Eleventh Circuit Court of Appeals stated that:

> FLSA requires judicial review of the reasonableness of counsel's legal fees to assure both that counsel is compensated adequately and that no conflict of interest taints the amount the wronged employee recovers under a settlement agreement.  FLSA provides for reasonable attorney's fees; the parties cannot contract in derogation of FLSA's provisions.  See Lynn's Food, 679 F.2d at 1352 ("FLSA rights cannot be abridged by contract or otherwise waived.") (quotation and citation omitted).  To turn a blind eye to an agreed upon contingency fee in an amount greater than the amount determined to be reasonable after judicial scrutiny runs counter to FLSA's provisions for compensating the wronged employee.

2009 WL 73164, at *2 (emphasis added).  The parties in Silva

agreed to settle Silva's claims for $20,000.  Silva's counsel

represented her pursuant to a fee agreement which provided that

counsel would receive a contingency fee equal to forty percent of

the total recovery, or an hourly rate based on $300 per hour,

whichever was higher.  The district court rejected the $8,000

contingency fee and found that a reasonable award of attorney's

fees was $6,325, plus costs of $1,389.  See id. at *1.  On

counsel's appeal, the Eleventh Circuit noted that "[t]he district

court had a duty to review the compromise of Silva's FLSA claim

and to award a reasonable attorney's fee to Silva's counsel."

Id. at *3.  The Eleventh Circuit found no reversible error in the

denial of the agreed upon contingency fee.  See id.

     Plaintiffs cite Dail v. George A. Arab, Inc., 391 F.

Supp. 2d 1142, 1146 (M.D. Fla. 2005), for the proposition that

the FLSA does not require this Court to approve the

reasonableness of the attorneys' fees which Defendant has agreed

to pay.  Plaintiffs' reliance on Dial is misplaced.  Dial

involved only one plaintiff, and the instant case is a collective

action, even if Defendant made individual offers of settlement.

The court in Dial did state that "[t]he FLSA does not require the

court to assess the fairness of an agreed payment of attorneys'

fees in settling an individual action."  391 F. Supp. 2d at 1146.

The court, however, also stated that "[i]n an individual FLSA

claim, where separate amounts are set forth for the payments of unpaid wages and payments for attorneys fees, the Court has greater flexibility in exercising its discretion in determining the reasonableness of the attorneys' fee." Id.  Moreover, the court recognized that "[i]n collective FLSA actions, the court has a duty to determine the reasonableness of the proposed attorneys' fees as part of the fairness determination." Id. (citing Strong v. BellSouth Telecomms., Inc., 137 F.3d 844, 849-50 (5th Cir. 1998)).

This Court finds that it must review all of the proposed attorneys' fees in this case for reasonableness.  In reviewing the proposed fees for reasonableness, this Court will use the principles of the traditional lodestar method as a guide.

Under the lodestar method, the court must determine a reasonable fee by multiplying "the number of hours reasonably expended on the litigation" by "a reasonable hourly rate." Hensley v. Eckerhart, 461 U.S. 424, 433 (1983).  Second, the court must decide whether to adjust the lodestar amount based on an evaluation of the factors articulated in Kerr v. Screen Extras Guild, Inc., 526 F.2d 67, 70 (9th Cir. 1975), which have not been subsumed in the lodestar calculation.  See Fischer v. SJB-P.D., Inc., 214 F.3d 1115, 1119 (9th Cir. 2000).

The factors the Ninth Circuit articulated in Kerr are:

(1) the time and labor required, (2) the novelty and difficulty of the questions involved, (3) the

17

> skill requisite to perform the legal service
> properly, (4) the preclusion of other employment
> by the attorney due to acceptance of the case, (5)
> the customary fee, (6) whether the fee is fixed or
> contingent, (7) time limitations imposed by the
> client or the circumstances, (8) the amount
> involved and the results obtained, (9) the
> experience, reputation, and ability of the
> attorneys, (10) the "undesirability" of the case,
> (11) the nature and length of the professional
> relationship with the client, and (12) awards in
> similar cases.

Kerr, 526 F.2d at 70.  Factors one through five have been

subsumed in the lodestar calculation.  See Morales v. City of San

Rafael, 96 F.3d 359, 364 n.9 (9th Cir. 1996).  Further, the Ninth

Circuit, extending City of Burlington v. Dague, 505 U.S. 557, 567

(1992), held that the sixth factor, whether the fee is fixed or

contingent may not be considered in the lodestar calculation.

See Davis v. City & County of San Francisco, 976 F.2d 1536, 1549

(9th Cir. 1992), vacated in part on other grounds, 984 F.2d 345

(9th Cir. 1993).

If the lodestar analysis applied in this case,

Plaintiffs' counsel would seek fees as follows:

| Attorney/Staff | Rate | Hours | Subtotal |
|---|---|---|---|
| *Meheula & Devens* | | | |
| Vlad Devens-partner | $320 | 282.75 | $ 90,480.00 |
| Denise Asuncion-legal assist. | $ 75 | 100.00 | $  7,500.00 |
| Andrea Rosehill-legal assist. | $ 75 | 17.00 | $  1,275.00 |
| Lynn Kochi-legal assist. | $ 50 | 106.00 | $  5,300.00 |
| | | | |
| *Aitchison & Vick* | | | |
| Will Aitchison-partner | $425 | 203.25 | $ 86,381.25 |
| Jeffrey Julius-partner | $300 | 89.85 | $ 26,955.00 |
| Breanne Sheetz-associate | $225 | 292.12 | $ 65,727.00 |
| Breanne Sheetz-associate | $250 | 20.18 | $  5,045.00 |
| Anya King-data analyst | $125 | 102.00 | $ 12,750.00 |

| | | | |
|---|---|---|---|
| Marc Fuller-data analyst | $125 | 175.50 | $ 21,937.50 |
| Carol Green-legal assist. | $105 | 97.69 | $ 10,257.45 |
| Erin Hislope-legal assist. | $105 | 144.45 | $ 15,167.25 |
| Survey Staff | $105 | 1126.15 | $118,245.75 |
| | | **Total** | **$467,021.20** |

[Mem. in Supp. of Original Motion at 18 (citing Devens Decl., ¶ 6; Aitchison Decl., ¶ 14).]  This amount represents work done for all Plaintiffs; counsel attributes a proportionate share to the settling Plaintiffs.

A.    **Plaintiffs' Second Supplement**

On March 11, 2010, following the hearing on the Motion, this Court issued an EO ordering Plaintiffs to file further declarations and/or affidavits addressing the qualifications of the attorneys, legal assistants, and data analysts listed above, and a summary of the duties performed by the legal assistants and data analysts.  This Court ordered Plaintiffs to file the declarations and/or affidavits by March 19, 2010.  Plaintiffs, however, filed their Second Supplement on March 20, 2010. Plaintiffs acknowledged that this Court gave them eight days to file their supplement, [Second Supplement at 2,] but they did not acknowledge that their submission was untimely nor did they offer any explanation for their failure to comply with the deadline. Plaintiffs could have requested a brief extension of time to file their supplement, and this Court would, in all likelihood, have granted it.  Plaintiffs, however, did not do so.

Plaintiffs had more than enough time to prepare their

supplement by the March 19, 2010 filing deadline, particularly because this Court first raised its concern that it did not have sufficient information to evaluate the reasonableness of the attorneys' fees at the January 28, 2010 status conference.  This Court could disregard the Second Supplement or strike it from the record.  Cf. Local Rule LR7.4 ("Any opposition or reply that is untimely filed may be disregarded by the court or stricken from the record.").  This Court does not condone Plaintiffs' failure to comply with court deadlines, but, under the circumstances of this case, this Court will not strike the Second Supplement and will consider it in ruling on the Motion.

### B.   Attorneys

Vlad Devens was admitted to the Hawai'i bar in 1987. He specializes in labor law and has worked on prior FLSA cases throughout the state.  [Second Supplement at 2.]  If this Court applied the lodestar method to Plaintiffs' requested fees, this Court would find Mr. Devens' requested hourly rate of $320 to be unreasonable.  This Court has awarded lower hourly rates to attorneys with the same or more experience as Mr. Devens.  See, e.g., Ko Olina Dev., LLC v. Centex Homes, CV 09-00272 DAE-LEK, Order Awarding Attorneys' Fees and Costs, filed 2/9/10 (dkt. no. 126), at 5-6 (attorney admitted in 1976 requested $490 per hour and was awarded $280); Durham, et al. v. County of Maui, et al., CV 08-00342 JMS-LEK, Order Awarding Attorney's Fees and Costs,

filed 1/7/10 (dkt. no. 644), at 4 (attorney admitted in 1980 requested and awarded $225 per hour); Loveland Academy, L.L.C., et al. v. Hamamoto, et al., CV 02-00693 HG-LEK, Report of Special Master on Plaintiffs' Motion for Award of Attorneys Fees and Costs, filed 8/13/08 (dkt. no. 111), at 17, 23 (attorney admitted in 1988 requested and awarded $275 per hour).[5]  This Court finds that $280 would be a reasonable hourly rate for Mr. Devens under the lodestar method.

Will Aitchison has been practicing law since 1973 and is licensed in Oregon, Washington, Alaska, and California, as well as in various federal courts.  He has extensive experience in FLSA litigation and academia.  [Second Supplement at 3.] Jeffrey Julius was admitted to practice in Ohio, where he is now inactive, in 1976 and in Washington in 1997.  He is also licensed in various federal courts.  Mr. Julius has practiced labor law for over thirty years.  [Id. at 3-4.]  Breanne Sheetz has been practicing law since 2007 and has already worked on more than a dozen FLSA cases.  [Id. at 4.]  Plaintiffs cite Scott v. City of New York, 2009 WL 2610747 (S.D.N.Y. 2009), in which the court found that the rates charged by Aitchison & Vick were reasonable, including $425 for partner Will Aitchison, and up to $300 for associates.

---

[5] The district judge in Loveland adopted this Court's report of special master on September 9, 2008.

Under the lodestar method, this Court must generally award out-of-state counsel attorneys' fees according to the prevailing market rates in Hawai'i.  See Webb v. Ada County, 285 F.3d 829, 840 & n.6 (9th Cir. 2002); see also Gates v. Deukmejian, 987 F.2d 1392, 1405 (9th Cir. 1992), as amended on denial of reh'g, (1993) (noting that the rate awarded should reflect "the rates of attorneys practicing in the forum district").  This Court may apply rates from outside Hawai'i if local counsel is unavailable, either because they are unwilling to take the case or because they lack the level of experience and expertise to do so.  See Gates, 987 F.2d at 1405.

This Court cannot find that local counsel was unavailable in this case.  Local counsel, such as Mr. Devens, may not have as much experience in FLSA actions as Mr. Aitchison and his law firm, but there are certainly Hawai'i attorneys who have sufficient experience and expertise and could have effectively represented Plaintiffs in this case.  This Court therefore finds that Hawai'i rates apply, but, in light of the substantial qualifications of Mr. Aitchison and his law firm, this Court will apply the high end of the range of rates awarded in this district.  See, e.g., Sound, et al. v. Koller, et al., CV 09-00409 JMS-KSC, Report of Special Master Recommending that Plaintiffs' Motion for Attorneys' Fees and Non-Taxable Expenses Be Granted in Part and Denied in Part, filed 3/5/10 (dkt. no.

22

31), at 17-18 (Paul Alston, Esq., who was admitted to practice in 1977, requested $585 per hour and was awarded $350 per hour; attorneys admitted to practice in 2006 requested $175 per hour and were awarded $150 per hour); Ko Olina, Order Awarding Attorneys' Fees and Costs, at 7-8 (attorney admitted in 2007 requested $210 per hour and was awarded $130 per hour).  This Court finds that the following hourly rates would be reasonable under the lodestar method: Mr. Aitchison - $350; Mr. Julius - $285; and Ms. Sheetz - $150.

      If this Court were determining the fee award under the lodestar analysis, the Court would require counsel to submit detailed records of all time billed in this case.  Insofar as this Court is only using the lodestar analysis as a guide, this Court will accept Plaintiffs' representation that all of counsel's time spent on this case was reasonable and necessary.

      **C.   Support Staff**

      The fees at issue also reflect work done by Meheula & Devens and Aitchison & Vick support staff, including legal assistants, data analysts, and survey staff.  When applying the lodestar analysis, this Court excludes time spent on clerical or ministerial tasks because clerical or ministerial costs are part of an attorney's overhead and are reflected in the charged hourly rate.  See, e.g., Sheffer v. Experian Info. Solutions, Inc., 290 F. Supp. 2d 538, 549 (E.D. Pa. 2003).  This principle applies to

an extent in this case, but this Court recognizes that litigating an FLSA action involving several hundred plaintiffs presents unusual case management requirements.  Thus, some tasks, such as data entry, which might not be compensable in other cases, are compensable in the instant case.

### 1.  **Survey Staff**

The survey staff interviewed 456 of the 463 Plaintiffs in this case, using a complex, in-house litigation management program.  Each interview generally took between 90 to 120 minutes.  The survey staff has substantial experience with large-scale FLSA cases.  Mr. Aitchison regularly trains the staff and counsel developed the interview questions and reviewed the interviews.  The interviewers themselves must have extensive knowledge of FLSA claims.  [Suppl. to Original Motion, filed 2/17/10 (dkt. no. 186) ("Supplement"), Suppl. Decl. of Will Aitchison at ¶¶ 4-7.]  This Court finds that the work of the survey staff would be compensable under the lodestar method and that the requested hourly rate of $105 per hour is manifestly reasonable.

### 2.  **Legal Assistants**

Denise Asuncion is a certified paralegal who has worked in the legal field for twenty years.  This Court finds that her requested hourly rate of $75 per hour would be manifestly reasonable for Ms. Asuncion's compensable work in this case.

> Ms. Asuncion maintained a database which included
> claimants' personal information; fielded phone
> calls to screen the claimants and their claims as
> well as calls related to the consents, fee
> agreements, and settlement offers; filed all
> pleadings with the U.S. District Court; mailed
> consents and settlement agreements; informed
> potential claimants when the class was going to
> close; scheduled depositions; and maintained case
> files.

[Supplement at 7 (citation omitted).]  Filing documents with the

district court, mailing documents, scheduling depositions, and

maintaining office files are clerical tasks that would not

compensable in this case under the lodestar method.  This Court

would therefore exclude approximately twenty-five percent of

Ms. Asuncion's time for clerical tasks.

Lynn Kochi is an experienced legal assistant.  Although

this Court generally does not award fees for work done by legal

assistants, as noted *supra*, some tasks that are generally non-

compensable under the lodestar method are compensable here

because of the unique requirements of this case.

> Ms. Kochi fielded phone calls from claimants
> relating to potential claims and statute of
> limitations issues; helped to create a database to
> track claimants' personal information, fee
> agreements, and consents; drafted consent filings
> and worked with claimants on their consent forms;
> organized mailings of consent forms and settlement
> offers; and maintained and indexed pleadings.

[Id. (citation omitted).]  Mailing documents and maintaining

office files are clerical tasks that would not compensable under

the lodestar method in this case.  In light of the fact that

25

Ms. Kochi is not a paralegal and her lower hourly rate, it appears that her predominant duties were clerical.  This Court would therefore exclude approximately fifty percent of Ms. Kochi's time for clerical tasks.  The Court finds that her requested hourly rate of $50 is manifestly reasonable for her compensable work.

Andrea Rosehill has twenty-five years of experience as a legal assistant/paralegal.  In this case, "Ms. Rosehill assisted with creating and maintaining a claimant database including personal information, offers of judgment/settlement offers, fee agreements, and consent forms."  [Id. at 8.]  This Court finds that all of Ms. Rosehill's time is compensable and that her requested hourly rate of $75 is manifestly reasonable.

Carol Green has twenty-three years of experience as a legal assistant and is the office manager of Aitchison & Vick's Portland office.  She has extensive experience working with FLSA litigation teams.  In this case, Ms. Green "assisted in supervising and training teams of interviewers and document coders[,] . . . assisted in designing plaintiff interviews, databases, and reports[,] . . . prepared pleadings, communicated with plaintiffs about their claims and procedural issues, maintained the case calendar, and reviewed plaintiff interviews for errors."  [Id. (citation omitted).]  The Court finds that all of these tasks would be compensable under the lodestar analysis.

Ms. Green's requested hourly rate of $105, however, is inconsistent with this Court's awards in prior cases for paralegals with lengthy or specialized experience. <u>See</u>, <u>e.g.</u>, <u>Nicholas M. v. Dep't of Educ., State of Hawaii</u>, CV 09-00162 HG-LEK, Report of Special Master on Plaintiffs' Motion Determining Plaintiffs as Prevailing Party and for Award of Attorneys' Fees and Costs, filed 12/3/09 (dkt. no. 17), at 7-9 (paralegal requested and received $85 per hour);[6] <u>Won, et al. v. England, et al.</u>, CV 07-00606 JMS-LEK, Report of Special Master on Defendant's Motion for Attorney's Fees and Costs, filed 7/15/08 (dkt. no. 84), at 7-8 (paralegal requested $120 per hour and received $85);[7] <u>Mabson v. Ass'n of Apartment Owners of Maui Kamaole</u>, CV 06-00235 DAE-LEK, Report of Special Master on the Amount of Rule 11 Sanctions Against Plaintiffs' Counsel, filed 2/26/08 (dkt. no. 94) (paralegal requested $125 per hour and received $85).[8]   This Court finds that $85 per hour would be a reasonable rate for Ms. Green.

Erin Hislope has three years of experience as a legal assistant, but has considerable experience working with FLSA

---

[6] The district judge in <u>Nicholas M.</u> adopted this Court's Report of Special Master on January 21, 2010.

[7] The district judge in <u>Won</u> adopted this Court's Report of Special Master on August 18, 2008.

[8] The district judge in <u>Mabson</u> adopted this Court's Report of Special Master on May 13, 2008.

litigation teams.  In this case, her duties included: "coding case documents in the database (such as documents produced in discovery) so that they can be retrieved in electronic searches; communicating with plaintiffs over the telephone and email on a variety of matters including their claims, case status and deadlines, and settlement offers; and coordinating interview schedules." [Second Supplement at 9.]  Of these tasks, only her work with Plaintiff communication would be compensable; the remainder is clerical.  This Court finds that only twenty-five percent of Ms. Hislope's time would be compensable under the lodestar method and that a reasonable hourly rate for Ms. Hislope's compensable work is $50, the same as Ms. Kochi.

### 3.  **Data Analysts**

Anya King has been a data analyst since 2001.

Her regular duties include the development of databases and computer programming for payroll data analysis, FLSA damage calculations, and wage-and-benefit analysis.  Ms. King has been designated as an expert witness for damage calculations in two FLSA collection actions. Ms. King has calculated damages for settlement purposes in at least sixteen FLSA collective actions . . . . In this litigation, Ms. King analyzed payroll data provided by [Defendant], performed computer programming, and calculated preliminary damages.

[Id. at 10 (citations omitted).]  Ms. King's work is akin to that of an expert witness.  This Court therefore finds that all of her work would be compensable under a lodestar analysis and that her requested hourly rate of $125 is manifestly reasonable.

Marc Fuller has been a data analyst since 1997.

His regular duties have included developing and maintaining interview software, databases, and websites.  He has continually improved and customized the software that Aitchison & Vick has used for interview plaintiffs in more than twenty FLSA collective actions . . . .  In this litigation, Mr. Fuller programmed the interview system that has been used for collecting data and generating reports on the more than 450 plaintiffs in this case.  Mr. Fuller also performed the programming to generate the spreadsheets that were provided to [Defendant] showing interview results for each plaintiff.

[Id. (citations omitted).]  Mr. Fuller's work is similar to Ms. King's.  This Court therefore finds that all of his work would be compensable under a lodestar analysis and that his requested hourly rate of $125 is manifestly reasonable.

D.   **Summary**

If this Court applied the lodestar analysis in this case, this Court would find the following fees to be reasonable:

| Attorney/Staff | Rate | Hours | Subtotal |
|---|---|---|---|
| *Meheula & Devens* | | | |
| Vlad Devens-partner | $280 | 282.75 | $ 79,170.00 |
| Denise Asuncion-legal assist. | $ 75 | 75.00 | $  7,500.00 |
| Andrea Rosehill-legal assist. | $ 75 | 17.00 | $  1,275.00 |
| Lynn Kochi-legal assist. | $ 50 | 53.00 | $  2,650.00 |
| | | | |
| *Aitchison & Vick* | | | |
| Will Aitchison-partner | $350 | 203.25 | $ 71,137.50 |
| Jeffrey Julius-partner | $285 | 89.85 | $ 25,607.25 |
| Breanne Sheetz-associate | $150 | 312.30 | $ 46,845.00 |
| Anya King-data analyst | $125 | 102.00 | $ 12,750.00 |
| Marc Fuller-data analyst | $125 | 175.50 | $ 21,937.50 |
| Carol Green-legal assist. | $ 85 | 97.69 | $  8,303.65 |
| Erin Hislope-legal assist. | $ 50 | 36.11 | $  1,805.50 |
| Survey Staff | $105 | 1126.15 | $118,245.75 |
| | | **Total** | **$397,227.15** |

The settling Plaintiffs make up 60.5% of all Plaintiffs in this case and counsel therefore attributes 60.5% of the fees incurred to the settling Plaintiffs.  That portion of the lodestar award would be $240,322.43.

Having compared the total attorneys' fees in this case with the amount that would be awarded under the lodestar analysis, this Court FINDS that the total attorneys' fees which Defendant has agreed to pay and the fees and costs which will be deducted from the settling Plaintiffs' settlement amounts are manifestly reasonable.  This Court therefore RECOMMENDS that the district judge approve the attorneys' fees attributed to the settling Plaintiffs in this case.

<u>**CONCLUSION**</u>

On the basis of the foregoing, this Court HEREBY FINDS AND RECOMMENDS that Plaintiffs' Motion for Approval of Settlement and Attorney's Fees for Individual Plaintiffs, filed on February 17, 2010, be GRANTED.  This Court RECOMMENDS that the district judge direct Defendant to issue checks to the settling Plaintiffs and to Plaintiffs' counsel in the amounts reflected in Table 2 of Exhibit 3C, which is filed under seal.

The parties are advised that any objection to this Finding and Recommendation is due seventeen calendar days after being served with a copy of this Findings and Recommendation. See Fed. R. Civ. P. 5(b)(2) & 6(d); Local Rule LR74.2.  If an

objection is filed with the Court, it shall be captioned "Objections to Magistrate Judge's Findings and Recommendation." A copy of the objection shall be served on all parties.

IT IS SO FOUND AND RECOMMENDED.

DATED AT HONOLULU, HAWAII, March 31, 2010.



 /S/ Leslie E. Kobayashi
Leslie E. Kobayashi
United States Magistrate Judge

**JONATHAN S. ALMODOVA, ET AL. V. CITY AND COUNTY OF HONOLULU; CIVIL NO 07-00378 DAE-LEK; FINDINGS AND RECOMMENDATION TO GRANT PLAINTIFFS' MOTION FOR APPROVAL OF SETTLEMENT AND ATTORNEY'S FEES FOR INDIVIDUAL PLAINTIFFS**