IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

```
JONATHAN S. ALMODOVA, ET AL.,  )    CIVIL NO 07-00378 LEK-RLP
                               )
          Plaintiffs,          )
                               )
     vs.                       )
                               )
CITY AND COUNTY OF HONOLULU,   )
                               )
          Defendant.           )
_____)
```

**<u>ORDER GRANTING JOINT MOTION FOR APPROVAL OF OFFERS OF JUDGMENT</u>**

Plaintiffs Noel Araki, Byron Beatty, Harold Chi, George Dalton, Thomas Dumaoal, Stephen Foster, Michael Fujioka, Ross Furuhashi, Chad Gushikuma, Paula Harris, Creighton Hatico, David Hernandez, Wendell Higa, Kaleookalani Hosaka, Ian Ibrao, Sean Iida, Jonathan Kam, Bruce Kauer, James Kaulia, Jason Kenjo, Josette Lai, Dong Lee, Alfred Macaibay, Dennis Matsumura, Jasmine McGuire, Ryan Miyataki, Fumikazu Muraoka, Aleksander Naluai, Darren Nihipali, Kawika Nishimoto, Nathan Oshima, Michael Pangilinan, Jeffrey Park, Miller Picardal, Jeffery Pohaku, Timothy Rapoza, Bruce Sanehira, Chad Sano, Don Santiago, Russel Won, and Sang Yoon (collectively, "Plaintiffs") and Defendant City & County of Honolulu ("Defendant") filed the instant Joint Motion for Approval of Offers of Judgment ("Motion") on August 4, 2011. The Court finds this matter suitable for disposition without a hearing pursuant to Rule LR7.2(d) of the Local Rules of Practice of the United

States District Court for the District of Hawai`i ("Local Rules").  After careful consideration of the Motion and the relevant legal authority, the Joint Motion is HEREBY GRANTED for the reasons set forth below.

**BACKGROUND**

Plaintiffs Jonathan S. Almodova, et al., who are employees of Defendant, filed this action under the Fair Labor Standards Act ("FLSA") on June 28, 2010.

In the preceding action, <u>Almodova, et al. v. City & County of Honolulu</u>, CV 07-00378 DAE-LEK ("CV 07-00378"), Defendant made individual offers of settlement to 422 of the 463 plaintiffs, with different amounts offered to groups of plaintiffs based upon their department and ranking or status. 2010 WL 1372298, at *1 & n.2 (D. Hawai`i Mar. 31, 2010) ("<u>Almodova I</u>").  Each individual plaintiff independently chose whether or not to accept his or her offer, with 280 plaintiffs accepting.  Certain groups did not receive settlement offers, specifically battalion chiefs in the fire department and employees of other departments.  <u>Id.</u> at *1.  The magistrate judge found the settlements to be fair and reasonable and recommended approval of the settlements.  <u>Id.</u> at *6.  In addition, using the lodestar analysis as a guide, the magistrate judge found that the attorneys' fees that Defendant agreed to pay in addition to the settlement amounts were reasonable, and the magistrate judge

2

recommended approval of the agreed upon award of attorneys' fees. Id. at *12-13.

The district judge issued the Order Adopting Magistrate's Findings and Recommendation on April 20, 2010. [CV 07-00378 (dkt. no. 198).] After approval of the settlements, the district judge approved the parties' stipulation to dismiss the action without prejudice and to allow the remaining plaintiffs, who either did not receive settlement offers or rejected the settlement offers they received, to re-file their FLSA claims in a new action under the statute of limitations applicable to CV 07-00378. [Id., Stip. & Order to Dismiss the Action Without Prejudice & Preserve the Statute of Limitations, filed 6/21/10 (dkt. no. 199).] The Stipulation and Order also stated:

> 9. For the purpose of attorney's fees and costs, *Almodova I* and *Almodova II* shall be treated as a continuous action. The fee agreements signed in *Almodova I* shall remain in full force and effect for *Almodova II*. Attorney's fees and costs generated during *Almodova I* shall be recoverable in *Almodova II* to the extent they would have been recoverable if the action had continued under *Almodova I*, whether pursuant to a fee agreement or a statutory or other legal entitlement[.]

[Id. at 3.]

The remaining 183 plaintiffs filed the instant action on June 28, 2010. The Complaint alleges, identically to CV 07-378, that Defendant violated the FLSA by: improperly calculating the plaintiffs' regular rate of pay, which is used to calculate overtime pay; failing to compensate them for pre-shift and post-

3

shift periods of work and working through unpaid meal periods; failing to comply with the FLSA's compensatory time off provisions; failing to compensate them in a timely manner for overtime work; and improperly classifying certain plaintiffs as exempt from the FLSA. The Complaint seeks an award of the unpaid overtime compensation due under the FLSA, liquidated damages, and reasonable attorney's fees and costs.

On August 31, 2010, Defendant issued individual Offers of Judgment to the 183 plaintiffs. Plaintiffs' counsel communicated the offers to each plaintiff individually, and forty-one accepted.[1] [Mem. in Supp. of Motion at 7-8.] Similarly to CV 07-00378, this action is a collective action, but the settlement is distinguishable from a class action settlement in that Defendant made individual offers to each plaintiff, who then made his or her own decision to accept or reject his or her offer.

Plaintiffs argue that the Court should approve the Offers of Judgment and the stipulated attorneys' fees and litigation costs for the same reasons the Court approved the settlements in CV 07-00378, as the instant case reasserts identical claims.

---

[1] Defendant's Offer of Judgment to each of the settling Plaintiffs (collectively "Offers of Judgment") are attached to the Motion as Exhibit 1 to the Declaration of William N. Ota ("Ota Declaration"). Plaintiffs' Acceptance of Offers of Judgment is Exhibit 2 to the Ota Declaration.

**PROPOSED SETTLEMENT**

Plaintiffs and Defendant agreed to individual settlements in varying amounts based on the department where each plaintiff worked and the type of position each plaintiff held. Defendant offered the following amounts:

- $800 for Captains in the Fire Department;
- $1,000 for Sergeants, Lieutenants, and Dispatch Supervisors in the Fire Department;
- $1,500 for non-supervisory employees in the Fire Department; and
- $2,000 for non-supervisory employees in the Police Department.

[Mem. in Supp. of Motion at 7 (citations omitted).] Based upon the forty-one Plaintiffs who accepted, the parties stipulated that Defendant would pay "attorneys' fees and costs in an amount equal to 33-1/3% of the gross payments to Plaintiffs ($24,830.85) plus costs incurred ($2,352.19)." [Id. at 8 (citations omitted).]

**DISCUSSION**

The FLSA provides:

Any employer who violates the provisions of section 206 or section 207 of this title shall be liable to the employee or employees affected in the amount of their unpaid minimum wages, or their unpaid overtime compensation, as the case may be, and in an additional equal amount as liquidated damages. . . . The court in [in an FLSA] action shall, in addition to any judgment awarded to the plaintiff or plaintiffs, allow a reasonable attorney's fee to be paid by the defendant, and costs of the action.

29 U.S.C. § 216(b).

5

As in <u>Almodova I</u>, the Court will review the proposed settlement and the stipulated attorneys' fees and costs, according to the fairness standard set forth in the seminal case, <u>Lynn's Food Stores, Inc. v. United States</u>, 679 F.2d 1350 (11th Cir. 1982). <u>See</u> 2010 WL 1372298, at *3. <u>Lynn's Food</u> requires the district court to "scrutiniz[e] the settlement for fairness[,]" and determine that the proposed settlement "is a fair and reasonable resulution [sic] of a bona fide dispute over FLSA provisions." 679 F.2d at 1353, 1355.

**I.  Approval of Settlement**

As the magistrate judge noted in <u>Almodova I</u>:

> In evaluating a proposed class action settlement for overall fairness, courts balance the following factors:
> > the strength of the plaintiffs' case; the risk, expense, complexity, and likely duration of further litigation; the risk of maintaining class action status throughout the trial; the amount offered in settlement; the extent of discovery completed and the stage of the proceedings; the experience and views of counsel; the presence of a governmental participant; and the reaction of the class members to the proposed settlement.
> <u>Hanlon v. Chrysler Corp.</u>, 150 F.3d 1011, 1026 (9th Cir. 1998) (citations omitted). While some of these factors do not apply because of the inherent differences between class actions and FLSA actions, the majority of the factors are relevant and will be useful in evaluating the fairness of the settlement in this case.

2010 WL 1372298, at *4. This Court will apply the same analysis in the instant case.

### A. Strength of Plaintiffs' Case

Plaintiffs assert that some of their claims, such as the regular rate and uncompensated work claims, are well grounded in the law, but they acknowledge that the factual elements of the uncompensated work claims may be difficult to prove. Further, a recent Ninth Circuit case found the donning and doffing of uniforms and equipment, one of the larger uncompensated work claims in CV 07-00378 and in the instant case, to be a non-compensable activity under the FLSA when police officers have the option of donning and doffing at home. [Mem. in Supp. of Motion at 10 (citing Bamonte v. City of Mesa, 598 F.3d 1217, 1231 (9th Cir. 2010)).] The Ninth Circuit has also held that an employer is not required to provide compensatory time off on the specific days that the employee requests if the employer allows the time off within a reasonable period thereafter. [Id. at 10-11 (citing Mortensen v. County of Sacremento, 368 F.3d 1082 (9th Cir. 2004)).]

Defendant has raised various defenses, including the higher overtime threshold for police officers and fire fighters, credits for overtime payments that Defendant made, and the alleged exemption from the FLSA for police sergeants, police lieutenants, fire captains, fire battalion chiefs, and police dispatch supervisors. Plaintiffs also note that, even prior to CV 07-00378, there was a similar lawsuit against Defendant in

2006.  It prompted Defendant to institute certain policies to control overtime work, and these policies could make it more difficult for Plaintiffs to prove their case.

In light of the strengths and potential weaknesses in Plaintiffs' case, the Court finds that the first factor weighs in favor of approving the settlement.

### B. Risks of Further Litigation

Plaintiffs acknowledge that there is risk inherent in all litigation, and the risk for each of Plaintiffs' claims varies for the reasons discussed above.  Plaintiffs also note that the FLSA has only been applied to local and municipal governments since 1985, and there is little case law regarding FLSA claims by police officers and firefighters, who work under unique circumstances.  This Court finds that these risks support settlement approval.

### C. Stage of the Proceedings

The instant case remains in the early discovery stage. [Ota Decl. at ¶ 7.]  In CV 07-00378, the parties exchanged some records, and the plaintiffs provided Defendant with their database of information that counsel gathered during the plaintiffs' interviews.  Almodova I, 2010 WL 1372298, at *5.  The parties took several Rule 30(b)(6) depositions in preparation for the anticipated dispositive motions on the issue of whether sergeants, lieutenants, captains, battalion chiefs, and dispatch

supervisors are exempt from the FLSA. <u>Id.</u>

The parties have not conducted any further discovery since the filing of the Complaint in the instant case on June 28, 2010. The Court has held numerous conferences with the parties to discuss the settlement. The parties' discovery in CV 07-00378 is sufficient to allow a realistic evaluation of the instant case, even though there is significant discovery remaining, as well as motions practice and trial preparation. The Court therefore finds that the stage of the proceedings and the extent of discovery completed favor approval of the settlement.

**D.   Expense, Complexity, and Duration of Further Litigation**

As previously noted above and in <u>Almodova I</u>, there is significant discovery remaining in this case, particularly because representative plaintiffs have not been selected yet. Plaintiffs' counsel also anticipate extensive dispositive motions in this case. If the case proceeds to trial, the plaintiffs will likely retain an expert witness to calculate damages. Plaintiffs also believe that a trial in this case would be lengthy and costly because it will involve many witnesses. This Court therefore finds that the expense, complexity, and likely duration of further litigation favors settlement approval.

**E.   Amount Offered in Settlement**

Plaintiffs contend that the settlement amounts are reasonable because they mirror the range offered in CV 07-00378,

9

which were found to be fair in Almodova I. 2010 WL 1372298, at *5. This Court agrees that, because the plaintiffs received a similar range of offers in the prior action, Defendant has offered reasonable and fair settlement amounts in the instant case. The Court therefore finds that this factor favors approval of the settlement.

**F. Experience and Views of Counsel**

Plaintiffs' counsel have extensive experience in FLSA litigation, and they believe that the settlement is fair and reasonable and should be approved. In Almodova I, the magistrate judge found that both local counsel, Meheula & Devens, LLP, and an Oregon law firm, Aitchison & Vick, have extensive experience in complex litigation and that their views weighed in favor of settlement. Id. This Court therefore finds that the experience and views of Plaintiffs' counsel weigh in favor of settlement approval.

**G. Plaintiffs' Reaction to the Settlement**

Each of the settling Plaintiffs made an individual decision to accept his or her respective Offer of Judgment. Plaintiffs' counsel requested several time extensions to allow Plaintiffs to carefully consider his or her offer and to seek the advice of counsel. A total of forty-one Plaintiffs accepted offers by September 27, 2010. [Mem. in Supp. of Motion at 15-16.] This Court agrees with Plaintiffs that their individual

decisions weigh strongly in favor of settlement approval.

This Court finds that all of the relevant factors weigh in favor of approving the settlements in this case. This Court therefore FINDS that the settlements are reasonable and GRANTS approval of the settlements reached through Plaintiffs' acceptance of the Offers of Judgment.

## II. **Attorneys' Fees and Costs**

This Court must review the parties' stipulated attorneys' fees and costs in this case for reasonableness. In reviewing the proposed attorneys' fees for reasonableness, this Court will use the principles of the traditional lodestar method as a guide, and apply the same analysis used in Almodova I. 2010 WL 1372298, at *6-12.

Under the lodestar method, the court must determine a reasonable fee by multiplying "the number of hours reasonably expended on the litigation" by "a reasonable hourly rate." Hensley v. Eckerhart, 461 U.S. 424, 433 (1983). Second, the court must decide whether to adjust the lodestar amount based on an evaluation of the factors articulated in Kerr v. Screen Extras Guild, Inc., 526 F.2d 67, 70 (9th Cir. 1975), which have not been subsumed in the lodestar calculation. See Fischer v. SJB-P.D., Inc., 214 F.3d 1115, 1119 (9th Cir. 2000).

The factors the Ninth Circuit articulated in Kerr are:

> (1) the time and labor required, (2) the novelty and difficulty of the questions involved, (3) the

>      skill requisite to perform the legal service
>      properly, (4) the preclusion of other employment
>      by the attorney due to acceptance of the case, (5)
>      the customary fee, (6) whether the fee is fixed or
>      contingent, (7) time limitations imposed by the
>      client or the circumstances, (8) the amount
>      involved and the results obtained, (9) the
>      experience, reputation, and ability of the
>      attorneys, (10) the "undesirability" of the case,
>      (11) the nature and length of the professional
>      relationship with the client, and (12) awards in
>      similar cases.

Kerr, 526 F.2d at 70. Factors one through five have been subsumed in the lodestar calculation. See Morales v. City of San Rafael, 96 F.3d 359, 364 n.9 (9th Cir. 1996). Further, the Ninth Circuit, extending City of Burlington v. Dague, 505 U.S. 557, 567 (1992), held that the sixth factor, whether the fee is fixed or contingent may not be considered in the lodestar calculation. See Davis v. City & County of San Francisco, 976 F.2d 1536, 1549 (9th Cir. 1992), vacated in part on other grounds, 984 F.2d 345 (9th Cir. 1993).

If this Court were determining the fee award under the lodestar analysis, the Court would require counsel to submit detailed records of all time billed in this case. Plaintiffs' counsel assert that the hours they expended are reasonable due to the complexity and demands of the litigation. [Motion, Decl. of Vladimir Devens ("Devens Decl.") at ¶ 8; Motion, Decl. of Will Aitchison ("Aitchison Decl.") at ¶ 16.] Insofar as this Court is only using the lodestar analysis as a guide, this Court will accept Plaintiffs' representation that all of counsel's time

spent on this case was reasonable and necessary.  Further, Plaintiffs' counsel applied the hourly rates found reasonable in Almodova I.  [Devens Decl. at ¶ 8; Aitchison Decl. at ¶ 16.]

If this Court applied the lodestar analysis in this case, this Court would find the following fees to be reasonable, as set forth in the tables below.  Plaintiffs' counsel divided their attorneys' fees in the prior action and in the instant case into three time periods, based on the group of plaintiffs who accepted offers of judgment in CV 07-00378, who accepted the Offers of Judgment in the instant case, and the work performed after Defendant extended the Offers of Judgment in the instant case.  [Devens Decl. at ¶ 6; Aitchison Decl. at ¶ 14.]

A.  **Group I**

Group I consists of the plaintiffs in the prior action who incurred attorneys' fees and costs up to June 21, 2010.

| Attorney/Staff | Rate | Hours | Subtotal |
|---|---|---|---|
| *Meheula & Devens* | | | |
| Vlad Devens-partner | $280 | 331.25 | $ 92,750.00 |
| Denise Asuncion-legal assist. | $ 75 | 125.00 | $  9,375.00 |
| Andrea Rosehill-legal assist. | $ 75 | 20.25 | $  1,518.75 |
| Lynn Kochi-legal assist. | $ 50 | 106.00 | $  5,300.00 |
| | | Subtotal | $108,943.75 |
| | | | |
| *Aitchison & Vick* | | | |
| Will Aitchison-partner | $350 | 241.30 | $ 84,455.00 |
| Jeffrey Julius-partner | $285 | 89.85 | $ 25,607.25 |
| Breanne Sheetz-associate | $150 | 459.58 | $ 68,937.00 |
| Anya King-data analyst | $125 | 143.20 | $ 17,900.00 |
| Marc Fuller-data analyst | $125 | 175.50 | $ 21,937.50 |
| Carol Green-legal assist. | $ 85 | 152.85 | $ 12,992.25 |
| Erin Hislope-legal assist. | $ 50 | 162.30 | $  8,115.00 |
| Survey Staff | $105 | 1126.15 | $118,245.75 |
| | | Subtotal | $358,189.75 |

**Grand Total    $467,133.50**

[Devens Decl. at ¶ 8; Aitchison Decl. at ¶ 16.]  Plaintiffs, who accepted the Offers of Judgment in the instant case, constitute 8.875% of Group I.  [Devens Decl. at ¶ 9; Aitchison Decl. at ¶ 17.]  Plaintiffs are therefore responsible for 8.875% of the total attorneys' fees for Group I, amounting to $41,458.10.

    B.    <u>**Group II**</u>

Group II consists of the plaintiffs who incurred attorneys' fees and costs on the matter from June 21, 2010 through August 31, 2010.

| Attorney/Staff | Rate | Hours | Subtotal |
|---|---|---|---|
| *Meheula & Devens* | | | |
| Vlad Devens-partner | $280 | 4.00 | $ 1,120.00 |
| | | | |
| *Aitchison & Vick* | | | |
| Will Aitchison-partner | $350 | 2.90 | $ 1,015.00 |
| Breanne Sheetz-associate | $150 | 34.592 | $ 5,188.80 |
| Anya King-data analyst | $125 | 83.90 | $ 10,487.50 |
| Carol Green-legal assist. | $ 85 | 4.21 | $    357.85 |
| | | Subtotal | $ 17,049.15 |
| | | **Grand Total** | **$ 18,169.15** |

[Devens Decl. at ¶ 10; Aitchison Decl. at ¶ 18.]  Plaintiffs constitute 22.528% of Group II.  [Devens Decl. at ¶ 11; Aitchison Decl. at ¶ 19.]  Plaintiffs are therefore responsible for 22.528% of the total attorneys' fees, amounting to $4,093.15.

    C.    <u>**Group III**</u>

Group III consists of the plaintiffs who incurred attorneys' fees and costs in the instant case after August 31, 2010.  Although some work on behalf of Plaintiffs has continued

after August 31, 2010, Plaintiffs' counsel assumes, for purposes of the instant Motion, that Plaintiffs are responsible for no time or costs incurred on behalf of Group III. [Devens Decl. at ¶¶ 6-7; Aitchison Decl. at ¶¶ 14-15.]

### D. Summary of Attorneys' Fees

If the Court applied the lodestar analysis in this case, the total lodestar award would be $45,551.25. The parties, however, have stipulated to $24,830.85 in attorneys' fees. [Ota Decl. at ¶ 6.] This amount is in addition to the settlement amounts that Defendant will pay to Plaintiffs. [Mem. in Supp. of Motion at 8; Ota Decl., Exh. 1 (Offers of Judgment).] Insofar as the stipulated attorneys' fees are significantly less than the amount that Plaintiffs would be entitled to under the lodestar analysis, the Court FINDS that the stipulated award of attorneys' fees is manifestly reasonable.

### E. Costs

Meheula & Devens incurred $12,101.68 and Aitchison & Vick incurred $6,170.97 in litigation costs for Group I. [Devens Decl. at ¶ 12; Aitchison Decl. at ¶ 21.] Plaintiffs are responsible for 8.875% of these litigation costs, equaling $1,074.02 and $547.67, respectively, for a total of $1,621.69 in combined litigation costs for Group I.

Meheula & Devens incurred $624.16 and Aitchison & Vick incurred $2,618.47 in litigation costs for Group II. [Devens

15

Decl. at ¶ 13; Aitchison Decl. at ¶ 21.] Plaintiffs are responsible for 22.528% of these litigation costs, equaling $140.61 and $589.89, respectively, for a total of $730.50 in combined litigation costs for Group II.

The parties therefore stipulated that Defendant would pay $2,352.19 in costs attributable to Plaintiffs. [Ota Decl. at ¶ 6.]

In a contested motion for attorneys' fees and costs, this Court would require a detailed itemization of the costs incurred, with supporting documentation, as well as citation to the legal authority for an award of each category of costs incurred. For purposes of the instant Motion, however, this Court will accept Plaintiffs' representation that the stipulated costs were necessarily and actually incurred on Plaintiffs' behalf and are compensable under the applicable law. The Court therefore FINDS that the stipulated award of costs is manifestly reasonable. The Court GRANTS approval of the stipulated attorneys' fees and costs attributable to the settling Plaintiffs in this case.

## CONCLUSION

On the basis of the foregoing, the Court HEREBY GRANTS the parties' Joint Motion for Approval of Offers of Judgment, filed August 4, 2011.

IT IS SO ORDERED.

DATED AT HONOLULU, HAWAII, September 30, 2011.



/S/ Leslie E. Kobayashi
Leslie E. Kobayashi
United States District Judge

**JONATHAN S. ALMODOVA, ET AL. V. CITY AND COUNTY OF HONOLULU; CIVIL NO. 07-00378 LEK-RLP; ORDER GRANTING JOINT MOTION FOR APPROVAL OF OFFERS OF JUDGMENT**